IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD ZARAZED, SR., | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | No. |
| | : | |
| SPAR MANAGEMENT SERVICES INC., | : | JURY TRIAL DEMANDED |
| Defendant. | : | |

COMPLAINT

I. PRELIMINARY STATEMENT

This is an action for an award of damages, declaratory and injunctive relief, attorney's fees and other relief on behalf of Plaintiff, Edward Zarazed, Sr. (hereinafter "Zarazed" or "Plaintiff").  Plaintiff was an employee of SPAR Management Services Inc. (hereinafter "SPAR") Tarrytown, New York, who has been harmed by the sex-based harassment, sex-based discrimination and retaliatory practices as well as other improper conduct by Defendant.

This action is brought under Title VII of the Civil Rights Act of 1964 and 1991 ("Title VII"), as amended, Title 42 U.S.C. § 2000e, et seq. and Pennsylvania common law.

II. JURISDICTION AND VENUE

1. The original jurisdiction and venue of this Court is invoked in this District pursuant to Title 42 U.S.C. §2000e-5(f), 28 U.S.C. §1331 and 1391, 2201, 2202, 1343 and the claim is substantively based on Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. §2000(e), et seq.

2. All conditions precedent to the institution of this suit have been fulfilled.  On July 6, 2004, Plaintiff filed a separate Charge of Discrimination with the EEOC which was jointly filed with the Pennsylvania Human Relations Commission, against the Defendant, alleging, inter alia sexual harassment, gender based employment discrimination, maintenance of a sexually hostile work environment and retaliation.

3. On May 11, 2005, a Notice of Right to Sue was issued by the U.S. Equal Employment Opportunity Commission to the Plaintiff. This action has been filed within ninety (90) days of receipt of said Notices.

### III. PARTIES

4. Plaintiff, Edward Zarazed, Sr., is an adult male citizen and resident of the Commonwealth of Pennsylvania, residing at RR 4, Box 4321, Saylorsburg, Pennsylvania. Plaintiff, at all times pertinent hereto, was employed as a Regional Manager with the SPAR, from 1993 through 1997 and as a Regional Vice-President from 1997 through January 4, 2004.

5. Defendant SPAR is a Foreign Corporation authorized to conduct and in the practice of conducting business in the Commonwealth of Pennsylvania, with a principal place of business at 580 White Plains Road, Tarrytown, New York.

6. Co-employee, Kori Belzer, (hereinafter "Belzer") is a resident and citizen of the State of New York. At all times relevant to this action Belzer was the Chief Executive Officer of Defendant SPAR. At all times relevant hereto, Belzer was an agent, servant, workman and/or employee of Defendant SPAR, acting and or failing to act within the scope, course and authority of her employment and her employer, SPAR. At all times relevant, Belzer was acting in her supervisory and personal capacity.

7. Co-employee, Donna Harper, (hereinafter "Harper") is a resident and citizen of the State of Georgia. At all times relevant to this action Harper was the Southern Regional Vice President of Defendant SPAR. At all times relevant hereto, Harper was an agent, servant, workman and/or employee of Defendant SPAR, acting and or failing to act within the scope, course and authority of her employment and her employer, SPAR. At all times relevant, Harper was acting in her supervisory and personal capacity.

8. Co, employee, William Walsh, (hereinafter "Walsh") is a resident and citizen of the State of New York. At all times relevant to this action Walsh was the National Vice-President of Field Operations for Defendant SPAR. At all times relevant hereto, Walsh was an agent, servant, workman and/or employee of Defendant SPAR, acting and or failing to act within the scope, course and authority of his employment and his employer, SPAR. At all times relevant, Walsh was acting in his supervisory and personal capacity.

9. At all times relevant hereto, SPAR has been a "person" or "employer" as defined under Title VII, and is subject to the provisions of the said Act.

10. At all times relevant hereto, Defendant SPAR conducted business in the Commonwealth of Pennsylvania, by and through the conduct of its officers, managers, agents and employees, all acting within the scope and course of their employment.

11. At all times relevant hereto, Defendant SPAR acted by and/or failed to act by and through the conduct of its officers, managers, agents and employees, all acting within the scope and course of their employment.

12. Defendant SPAR has, acting through its agents, servants and representatives, on more than one occasion, met with all Plaintiff, and has heard allegations from Plaintiff of sexual harassment and gender discrimination.

13. At all relevant times herein, Defendant SPAR, Belzer and Walsh knew, or had reason to know, of the actions and inaction alleged herein and/or has personally participated in some of said actions and is ultimately responsible for same.

## IV. CAUSES OF ACTION

14. Plaintiff was a male employee hired by Defendant SPAR in 1993 as a Regional Manager.

15. In or about 1997, Plaintiff was promoted to Regional Vice-President.

16. From 1993 through January 4, 2004, Plaintiff was employed by Defendant SPAR.

17. At all times relevant, Plaintiff maintained exemplary work habits and job performance and had at all times fulfilled all of the duties and obligations commensurate with that employment, meeting all quarterly bonus plans in full or in part.

18. In retaliation for Plaintiff reporting the hostile work environment and sexual harassment to which he was exposed, he was discharged from his job by Belzer and Walsh with the knowledge and acquiescence of Defendant SPAR.

19. At all times relevant hereto, Defendant SPAR failed to establish, maintain and enforce an effective and well-known policy against sexual harassment that provided a meaningful complaint and reporting procedure.

20. At all times relevant hereto, Belzer was a Female and was CEO of Defendant SPAR.

21. At all times relevant hereto, Walsh was a male and was the National Vice-President for Field Operations for Defendant SPAR, and was Plaintiff's direct supervisor.

22. From in or about January, 2002 through January 4, 2004, Plaintiff was continuously sexually and verbally harassed by Belzer, under circumstances which should have alerted the corporate employer/Defendant to the conduct.

23. Belzer's sexually harassing conduct included, but was not limited to the following:

    a. BELZER made a comment that "male ejaculation tastes like vanilla ice cream";

    b. BELZER commented with regard to the hair on her breast; and

    c. BELZER tried to convince the two Female Vice-Presidents to kiss.

24. All the above harassment was unprovoked and unwelcomed by Plaintiff.

25. Plaintiff frequently demanded that Belzer stop the sexual harassment, but she refused to do so.

26. Belzer, Harper and Walsh also discriminated against Plaintiff on the basis of his sex, Male, including but not limited to:

    a. In or about 2001, Donna Harper stated that Belzer wanted a female in Plaintiff's position; and

    b. In or about July, 2003, Walsh informed Plaintiff that Belzer was trying to force Walsh to fire Plaintiff.

27. In September 2003, Plaintiff complained to Walsh about the discrimination levied against him by Belzer.

28. On September 11, 2003, Plaintiff received his first and only negative review and was disciplined by Walsh.

29. Plaintiff complained to Walsh that he had never received a bad performance review until he complained of discrimination.

30. After Plaintiff complained to Walsh, he began to receive misconduct reports against him in retaliation for his opposition to Belzer's discriminatory conduct and for his opposition to the discriminatory conduct levied against him

31. As a result of my complaint, Plaintiff was written up a second time in or about November, 2003.

32. On January 9, 2004, Plaintiff was terminated without cause in furtherance of retaliation for his complaints of sex discrimination and sexual harassment.

33. The sexually harassing conduct of Belzer toward Plaintiff was so open, notorious and outrageous that it was known to employees, staff, managers and other representatives of Defendant SPAR.  As such, Defendant SPAR knew or should have known of the sexually harassing conduct of Belzer, and their knowledge of same by others.  In addition, by reason of Belzer's position as CEO, her discriminatory conduct is directly attributable to Defendant SPAR.

34. Despite Plaintiff's complaints, Defendant SPAR failed and refused to take any prompt, appropriate or remedial action which would be reasonably calculated to terminate or correct the illegal behavior of its employees.

35. The aforementioned demeaning and degrading comments and conduct were made by Belzer and Walsh, at a time when they spoke with the apparent authority of Defendant SPAR.

36. Instead of investigating their allegations or taking prompt remedial actions, Defendant SPAR and/or its agents, servants and representatives retaliated against Plaintiff and failed to promptly and effectively address Plaintiff's complaints.

37. Plaintiff believes, and therefore avers, that Defendant created and/or permitted an intolerable and hostile work environment designed to interfere with his employment and to victimize him because he reported the illegal actions.

38. Defendant SPAR was responsible and liable for the conduct of its employees for subjecting Plaintiff to a sexually harassing work environment and for failing to protect Plaintiff from the unlawful conduct.

39. As a direct result of the hostile and antagonistic conduct, Plaintiff was deprived of his employment and ultimately wrongfully discharged from his employment with Defendant SPAR.

40. As a direct result of the Defendant's conduct, Plaintiff has been irrevocably damaged.

41. As a direct result of Defendant's conduct, Plaintiff has suffered and continues to suffer severe emotional, psychological and physical distress.

42. As a direct result of Defendant's conduct, Plaintiff's careers, professional and job opportunities have been impaired and damaged and they have suffered a loss of earnings and earning capacity.

**COUNT I**
**EDWARD ZARAZED, SR.**
**vs.**
**SPAR**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND 1991**

43. Paragraphs 1 through 42 inclusive, are incorporated by reference as if fully set forth at length herein.

44. Based on the foregoing, Defendant has engaged in unlawful practices in violation of Title VII of the Civil Rights Act of 1964 and 1991, as amended, and 42 U.S.C. § 2000e, et seq. The said unlawful practices for which Defendant SPAR is liable to Plaintiff includes, but are not limited to, fostering and perpetuating a hostile and offensive work environment, discriminating against him on the basis of his sex, retaliating against him because of his expressed opposition to offensive sexually related conduct in the work place, subjecting him to more onerous working conditions and treating Plaintiff in a disparate manner.

45. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by Defendant in violation of Title 42 U.S.C. § 2000e, et seq., Plaintiff sustained loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, plus back pay, front pay, and interest due thereon.

**COUNT II**
**EDWARD ZARAZED, SR.**
**vs.**
**SPAR**
**RETALIATION UNDER TITLE VII**

46. Paragraphs 1 through 45 inclusive, are incorporated by reference as if fully set forth at length herein.

47. By the acts complained of, Defendant has retaliated against Plaintiff for exercising his rights under Title VII in violation of Title VII of the Civil Rights Act of 1964 and

1991, as amended, and 42 U.S.C. §2000e et seq. in violation of these acts.

48. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's retaliatory practices unless and until this Court grants relief.

**COUNT III**
**EDWARD ZARAZED, SR.**
**vs.**
**SPAR**
**NEGLIGENCE UNDER TITLE VII**

49. Paragraphs 1 through 48 inclusive, are incorporated by reference as if fully set forth at length herein.

50. Defendant was negligent in the following respects:

   a. Failing to implement an effective, well-known and uniformly enforced policy against sexual harassment;

   b. Failing to properly investigate Plaintiff's complaints of sexual harassment;

   c. Failing to take any action reasonably calculated to remedy Plaintiff's complaints of sexual harassment;

   d. Failing to impose any discipline upon their employees who had engaged in sexual harassment;

   e. Failing to take reasonable actions to discover illegal discrimination by their employees;

   f. Failing to take reasonable actions to prevent illegal discrimination, including but not limited to sexual harassment, from taking place.

51. Defendant owed Plaintiff a duty in all of the respects set forth in paragraph 50, but failed to perform each of those duties as set forth above.

52. As a direct, reasonable and foreseeable result of the negligence of Defendant, Plaintiff suffered the injuries and damages set forth above.

**STATEMENT OF FACTS JUSTIFYING
THE IMPOSITION OF PUNITIVE DAMAGES**

53. Paragraphs 1 through 52 inclusive, are incorporated by reference as if fully set forth at length herein.

54. At all times relevant hereto, Defendant SPAR knew or should have known of the pattern of conduct in which Belzer, Harper and Walsh, had engaged and in which they continued to engage.

55. At all times relevant hereto, Defendant SPAR knew or should have known that the aforesaid pattern of conduct was in violation of the law.

56. Despite such knowledge Defendant SPAR failed to adequately investigate, discipline or discharge its agents, servants and representatives who sexually assaulted Plaintiff and created a hostile work environment, sexually harassed and subjected Plaintiff to a hostile work environment, sexual harassment and disparate treatment.

57. Defendant SPAR knew that Belzer had been accused of and committed sexual harassment respecting Plaintiff.

58. Defendant SPAR failed and refused to properly protect and support Plaintiff and in fact subject or permitted him to be subjected to further sexual harassment and discrimination.

59. At all times relevant hereto, Defendant SPAR acted willfully, wantonly, recklessly and with an outrageous disregard and indifference to the rights, safety and well-being of the Plaintiff and other employees similarly situated.

V. **PRAYER FOR RELIEF**

60. Plaintiff repeat the allegations of paragraphs 1 through 59 of this Complaint as if set forth at length herein.

WHEREFORE, Plaintiffs request this Court to enter judgment in his favor and against Defendant and request that this Court:

a. Exercise jurisdiction over his claims;

b. Award traditional tort remedies such as compensatory damages, pain and suffering, physical and emotional distress, economic loss, time loss, severe emotional trauma, and punitive damages;

c. Issue declaratory and injunctive relief declaring the above-described practices to be unlawful, and enjoining their past and continued effects;

d. Order Defendant compensate Plaintiff with a rate of pay and other benefits and emoluments to employment, to which he would have been entitled, had he not been subject to unlawful discrimination;

e. Order Defendant compensate Plaintiff with an award of front pay, if appropriate;

f. Order Defendant compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of their unlawful conducts;

g. Order Defendant pay to Plaintiff punitive damages under Title VII, and compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of employment of life and other nonpecuniary losses as allowable;

h. Order Defendant pay to Plaintiff pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

i. The Court award such other relief as is deemed just and proper.

**JURY DEMAND**

    Plaintiff demand trial by jury.

                                      HAHALIS & KOUNOUPIS, P.C.

                                  By:_____
                                     NANCY S. SKALANGYA, ESQUIRE
                                     DAVID L. DERATZIAN, ESQUIRE
                                      20 East Broad Street
                                      Bethlehem, PA  18018
                                     (610) 865-2608
                                     Attorneys for Plaintiff

Date:    June 2, 2005