IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD ZARAZED, SR., | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| SPAR MANAGEMENT SERVICES, | : | |
| INC., KORI BELZER, DONNA | : | |
| HARPER AND WILLIAM WALSH, | : | |
| Defendants | : | No. 05-2621 |

**MEMORANDUM AND ORDER**

Gene E.K. Pratter, J.                                                                                             January 26, 2006

  Edward Zarazed, a former employee of Spar Management Services Inc., ("Spar"), has brought suit alleging various claims, including gender discrimination, sexual harassment, and retaliation under both federal and Pennsylvania statutes. Spar and the defendant executives involved in discharging Mr. Zarazed argue in their Partial Motion to Dismiss (1) that Mr. Zarazed's Title VII claim of sexual harassment is time-barred, (2) that Mr. Zarazed has failed to exhaust his administrative remedies by failing to name a particular defendant in his EEOC Charge, (3) and that his claim for negligence under Title VII is preempted by the Pennsylvania Human Relations Act ("PHRA"). Mr. Zarazed responds (1) that his amended complaint sufficiently claims sexual harassment within the relevant time period, (2) the EEOC Charge sufficiently identifies the relevant defendant for purposes of exhausting administrative remedies, and (3) negligence under Title VII is an actionable federal claim. At this early stage in the litigation, when all reasonable inferences must be made in favor of the plaintiff, Mr. Zarazed has succeeded in stating claims upon which relief can be granted, and therefore Defendants' Partial

Motion to Dismiss is denied.

**I.     FACTUAL BACKGROUND**

Edward Zarazed was hired by Spar in 1993 as a Regional Manager. Amended Complaint ¶ 15. In 1997, he was promoted to Regional Vice-President. Id. ¶ 16. His employment was terminated on January 9, 2004, and now he claims he was a victim of sexual harassment and sexual discrimination. Id. ¶¶ 23, 33. Mr. Zarazed filed his original complaint on June 6, 2005, which he amended shortly thereafter. Defendants then filed a Partial Motion to Dismiss to which Mr. Zarazed responded.

Mr. Zarazed claims that he maintained exemplary work habits and job performance while employed at Spar by fulfilling all of his employment duties and meeting all quarterly bonus plans, but was subject to sexual harassment and, therefore, a hostile work environment. Id. ¶¶ 18, 23, 38. He also alleges that SPAR failed to establish an effective policy against sexual harassment that provided a meaningful complaint and reporting procedure. Id. ¶ 20. Mr. Zarazed claims that ultimately, in retaliation for reporting a hostile work environment and sexual harassment, he was discharged from his job by Defendant Kori Belzer (Spar's CEO)[1] and Defendant William Walsh (National Vice-President for Field Operations for Spar and Mr. Zarazed's direct supervisor). Id. ¶¶ 23-24.

Specifically concerning the sexual harassment allegations, Mr. Zarazed asserts that from about January 2002 through January 4, 2004, he was continuously sexually and verbally harassed

---

[1] Defendants state on page 2, footnote 1, of their motion that although the Amended Complaint avers that Ms. Belzer was Spar's CEO, she actually served as the Chief Operating Officer.

by Ms. Belzer.² Id. ¶ 24.  His allegations include comments by Ms. Belzer that "male ejaculation tastes like vanilla ice cream," and comments regarding the hair on her breast.  He additionally alleges that Ms. Belzer tried to convince two female vice-presidents to kiss each other.  Id.  Mr. Zarazed asserts that this behavior was unprovoked and unwelcomed, and that he frequently asked Ms. Belzer to stop, but she refused to do so.  Id. ¶ 25.

Mr. Zarazed also claims that Ms. Belzer, Ms. Donna Harper (Southern Regional Vice-President of Spar), and Mr. Walsh discriminated against him on the basis of his sex.  He alleges that in 2001, Ms. Harper stated that Ms. Belzer wanted a female in Mr. Zarazed's position, and that in July 2003, Mr. Walsh informed Mr. Zarazed that Ms. Belzer was trying to force Mr. Walsh to fire Mr. Zarazed.  Id. ¶ 27.

In September 2003, Mr. Zarazed complained to Mr. Walsh about the discrimination levied against him by Ms. Belzer, id. ¶ 28, and in that same month, Mr. Zarazed asserts that he received his first and only negative review and was disciplined by Mr. Walsh. Id. ¶ 29.  As a result, Mr. Zarazed then voiced his concern to Mr. Walsh that he had never received a bad performance review until he complained of discrimination.  Id. ¶ 30.  Mr. Zarazed then alleges that as a result of his complaint, he was written up a second time in November, 2003. Id. ¶ 32. Finally, Mr. Zarazed alleges he was terminated without cause on January 9, 2004, in furtherance

---

² The EEOC Charge filed by Mr. Zarazed claims that the alleged sexual discrimination and harassment committed by Ms. Belzer began in January 2001 as opposed to January 2002. During the Oral Argument on the Motion, counsel for Mr. Zarazed explained "[t]here's clearly a typographical error in the Complaint as it references 2002 and it talks about events that happened in 2001." Transcript of oral argument, 12: 6-13, Nov. 1, 2005. As will be evidenced in the analysis that follows, and as identified by Mr. Zarazed's counsel at oral argument, the import of the timeline concerning the alleged sexual harassment focuses on when the activity concluded. Therefore, the discrepancy over when the alleged activity began is not relevant for the purposes of deciding this motion. Id. 12: 16-25.

of retaliation for his complaints of sex discrimination and sexual harassment. Id. ¶¶ 33.

The Amended Complaint alleges harassment, discrimination and retaliation claims against Spar under Title VII of the Civil Rights Act of 1964 and 1991 ("Title VII"), as amended, 42 U.S.C. § 2000e, et seq. (Counts I and II), negligence against Spar under Title VII (Count III), discrimination and retaliation against Spar under the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. Ann. § 951 et seq. (Counts IV and V), and Aiding and Abetting against Ms. Belzer, Ms. Harper, and Mr. Walsh under the PHRA (Count VI).

## II.   DISCUSSION

### A.   The Legal Standard

A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of the pleading. Conley v. Gibson, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957). The Court must accept the complainant's allegations as true, Hishon v. King & Spalding, 467 U.S. 69, 73, 81 L. Ed. 2d 59, 104 S. Ct. 2229 (1984), and must consider "all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant." Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). A complaint may be dismissed "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon, 467 U.S. at 73. See also Conley, 355 U.S. at 45-46 ("a complaint should not be dismissed for failure to state a claim unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").

In addition to the question of whether a claim is cognizable under applicable law, the pleading standards against which Mr. Zarazed's Amended Complaint must be measured are those

set out in the Federal Rules of Civil Procedure, most particularly Fed.R.Civ.P. 8(a) and (e), which call upon the pleader to present "a short and plain statement of the claim" where "each averment . . . shall be simple, concise, and direct." The Supreme Court described the simplified pleading permitted by the Federal Rules as that which "will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley, 355 U.S. at 47. Indeed, the Supreme Court has reaffirmed these liberal notice-pleading requirements in the context of Title VII actions by noting that a *prima facie* case is "an evidentiary standard, not a pleading requirement." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510, 152 L. Ed. 2d 1, 122 S. Ct. 992 (2002).

    B.    **Time Bar and the Continuing Violation Doctrine**

Defendants argue that Mr. Zarazed's Title VII claim for hostile work environment sexual harassment under Count I is time-barred. Defendants claim that the only sexual harassment Mr. Zarazed alleges in his Amended Complaint occurred in 2001[3], more than two and a half years prior to Plaintiff's EEOC Charge of July 6, 2004, and well beyond the 300-day limitations period. Further, Defendants argue that because Mr. Zarazed "does not allege any act occurred on or after September 6, 2003," that Mr. Zarazed has failed to establish a continuing violation which would save the earlier harassment claim from dismissal. Plf.'s Resp., Memo. of Law at 4.

Defendants argue that under 42 U.S.C. 2000e-5(e), "a charge of employment discrimination must be filed within 300 days after the alleged unlawful employment practice occurred. This filing is a prerequisite to a civil suit under Title VII." West v. Philadelphia Elec. Co., 45 F.3d 744, 754, 755 (3d Cir. 1995) (citations omitted). Further, Defendants argue that in

---

[3] See, supra note 1.

order to establish a continuing violation to survive a statute of limitations defense, the charging party must demonstrate that at least one act occurred with in the filing period and the "plaintiff must establish that the harassment is more than the occurrence of isolated or sporadic acts of intentional discrimination. The relevant distinction is between the occurrence of isolated, intermittent acts of discrimination and a persistent, on-going pattern." Id.

Defendants also argue that there can be no continuing violation where acts "involve different actors and are of a different nature than the prior alleged harassment . . ." Sloan v. City of Pittsburgh., 110 Fed. Appx. 207, 210 (3d Cir. 2004). Therefore, Defendants argue that Mr. Zarazed has not alleged any harassing or wrongful acts within the limitations period, and the allegations he sets forth in the Amended Complaint regarding actions in 2003 leading to his termination are not so similar in nature as to demonstrate a pattern or policy of harassment or discrimination beginning in 2001.

Mr. Zarazed responds not by refuting the applicable legal rule, but by arguing that the harassment did in fact continue until January 9, 2004, which is the date Mr. Zarazed alleged in his Amended Complaint that he was terminated in retaliation for his complaints about sexual harassment and sex discrimination. Am. Comp. ¶ 33. This argument is somewhat inconsistent with the Amended Complaint itself which states that "[f]rom in or about January, 2002 through January 4, 2004, Plaintiff was continuously sexually and verbally harassed by Defendant Belzer, under circumstances which should have alerted the corporate employer/Defendant to the conduct." Am. Comp. ¶ 23 (emphasis added). However, Mr. Zarazed relies on Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002), in which the Supreme Court states that "an employment discrimination complaint . . . must contain only 'a short and plain statement of the claim showing

6

that the pleader is entitled to relief.'" Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 (2002) (quoting Fed. Rule Civ. Pro. 8(a)(2)).  Mr. Zarazed argues that under Swierkiewicz it is a sufficient allegation that there was harassing conduct within the necessary time period preceding the filing of the Charge with the EEOC on July 6, 2004.  Am. Comp. ¶ 3.  He contends that because he is not required to plead any specific harassing conduct under Swierkiewicz, Defendants' motion ought to be denied.  Id.  Concerning "the question whether a complaint in an employment discrimination lawsuit must contain specific facts establishing a prima facie case of discrimination under the framework set forth by this Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 36 L. Ed. 2d 668, 93 S. Ct. 1817 (1973)," the Court in Swierkiewicz has held "that an employment discrimination complaint need not include such facts . . ." Swierkiewicz, 534 U.S. 506, 508.

Based on the respective parties' arguments, there appears to be some confusion between them concerning the applicable limitations period.  Plaintiff argues "there was sufficient allegation that there was harassing conduct within the 180-day period preceding the filing of the Charge with the EEOC on July 6, 2004."  Plf.'s Resp., Memo. of Law at 3[4].  The Defendants have correctly recognized the 300-day mark as the applicable period.  See Hercik v. Rodale, Inc., No. 03-06667, 2004 U.S. Dist. LEXIS 9912, at *11 (E.D. Pa. May 24, 2004 ) (plaintiff filed sexual harassment, gender discrimination, and retaliation complaints on the same day with both the federal Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Rights Commission and the court found "[b]ecause Pennsylvania, through the Pennsylvania

---

[4] At oral argument on the Motion, Mr. Zarazed's counsel argued there was "a sufficient allegation that there was activity within the 300-day period." Transcript of Oral Argument 12: 23-24.

7

Human Rights Commission, has a work-sharing agreement with the EEOC, the filing period is 300 days." (citing DuBose v. District 1199c, National Union of Hospital and Health Care Employees, 105 F. Supp. 2d 403, 411 (E.D. Pa. 2000)).  The PHRA requires that a plaintiff file a charge of discrimination with the PHRC within 180 days of the alleged discrimination. 43 Pa. Cons. Stat. Ann. § 959(h); Zysk v. FFE Minerals USA, Inc., 225 F. Supp. 2d 482, 494 (E.D. Pa. 2001).

Inasmuch as the Defendants challenge the allegations of sexual harassment only in Count I (Title VII) as time barred in their motion to dismiss, the 300-day time period applies.[5]  The Supreme Court has determined that actions can amount to "hostile work environment" sexual harassment if one is subject to "bothersome attentions or sexual remarks that are sufficiently severe or pervasive to create a hostile work environment."  Burlington Indus. v. Ellerth, 524 U.S. 742, 751 (1998).  The Third Circuit Court of Appeals has held that in order to succeed in a sexual harassment claim based on a hostile work environment, a plaintiff must prove: (1) the employee suffered intentional discrimination because of his sex; (2) the discrimination was pervasive and regular; (3) the discrimination detrimentally affected the plaintiff; (4) the discrimination would detrimentally affect a reasonable person of the same sex in that position; and (5) the existence of respondeat superior liability.  Kunin v. Sears Roebuck & Co., 175 F.3d 289, 293 (3d Cir. 1999).

Concerning the validity of the continuing violation doctrine under Title VII, the Supreme Court has stated:

---

[5] Defendants' Motion stated that the Amend Complaint "cannot state a claim for sexual harassment under Title VII of the Civil Rights Act of 1964 because it is time-barred and the continuing violations doctrine cannot save the claim . . ." Motion to Dismiss at 1.  Additionally, Defendants' counsel stated at oral argument "we're only submitting that the sexual harassment claim is time-barred in Count I." Transcript of Oral Argument 15:18-19.

> A hostile work environment claim is comprised of a series of separate acts that collectively constitute one unlawful employment practice. The timely filing provision only requires that a Title VII plaintiff file a charge within a certain number of days after the unlawful practice happened. It does not matter, for purposes of the statute, that some of the component acts of the hostile work environment fall outside the statutory time period. Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability.

AMTRAK v. Morgan, 536 U.S. 101, 117 (2002) (citation omitted).

When determining whether Mr. Zarazed has properly presented a Title VII violation within the 300-day time period prior to the filing of the EEOC Charge, the actual allegations in the Amended Complaint must speak for themselves. Count I specifically alleges that Spar is liable for "fostering and perpetuating a hostile and offensive work environment, discriminating against him on the basis of his expressed opposition to offensive sexually related conduct in the work place . . ." Amended Complaint ¶ 45, and, in addition to the allegation of termination on January 9, 2004, in retaliation for reporting sexual harassment, paragraph 23 of the Amended Complaint states "[f]rom in or about January, 2002 through January 4, 2004, Plaintiff was continuously sexually and verbally harassed by Defendant Belzer . . ." This allegation is then followed by three specific allegations of actions by Ms. Belzar that allegedly occurred over the two-year period of time and can fairly be characterized as "bothersome attentions or sexual remarks." At this stage in the litigation where all reasonable inferences must be made in favor of Mr. Zarazed, these allegations sufficiently delineate a severe and pervasive hostile work environment. See, e.g., Lee v. Gecewicz, No. 99-158, 1999 U.S. Dist. LEXIS 7317, at *10 (E.D. Pa. May 20, 1999) ("[P]laintiff has pled the existence of 'a severe and pervasive hostile work environment' and under the notice pleading requirements embodied in Fed. R. Civ. P. 8 (a), that pleading is sufficient to state a claim for hostile environment sexual harassment.").

Finally, <u>Sloan</u>, relied upon by the Defendants for the purpose of arguing that there was no continuing violation, is a case involving affirmation of summary judgment rather than a decision at the pre-discovery phase of litigation. <u>Sloan</u>, 110 Fed. Appx. 207. While it may be shown after discovery that there was in fact no connection between incidents within the 300-day filing requirement for the EEOC Charge with earlier incidents, at this stage of the proceedings, Mr. Zarazed's allegations of sexual harassment between January of 2002 and 2004 are enough to survive a motion to dismiss. Therefore, Defendants fail to show "beyond a doubt that the plaintiff can prove no set of facts in support of his claim" that their alleged discriminatory behavior was part of a persistent, on-going pattern. <u>Conley</u>, 355 U.S. at 45-46. From the facts alleged in the Amended Complaint, Mr. Zarazed may be able to establish a continuing violation. Thus, the Court will deny the motion to dismiss Mr. Zarazed's Title VII sexual harassment claim in Count I.

    **C.**    **Exhaustion of Administrative Remedies**

Defendants argue that the PHRA claim against Ms. Harper for aiding and abetting under the Pennsylvania Human Relations Act in Count VI should be dismissed because Mr. Zarazed failed to exhaust his administrative remedies by not properly naming Ms. Harper in the EEOC Charge. Defendants argue that, generally, a Title VII action cannot be maintained against an individual who was not named as a defendant in the administrative complaint and "[w]hile the PHRA contains no analogous requirement, courts have held that the PHRA should be interpreted consistently with Title VII." <u>Snead v. Hygrade Food Prods. Assocs.</u>, No. 98-2657, 1998 U.S. Dist. LEXIS 20296, at *4 (E.D. Pa. December 28, 1998). Even Defendants acknowledged, however, that there is an exception to the rule requiring a party to be named when "the unnamed

party has received notice of the allegations and there is a commonality of interest between the named and unnamed parties." Id. Defendants assert that the allegation specifically in relation to Ms. Harper in Plaintiff's EEOC Charge does not in any manner relate to his claim against her for aiding and abetting harassment and/or discrimination and did not put her on notice in any conceivable way.

Mr. Zarazed sensibly argues that in determining whether one has exhausted administrative remedies, it must be determined "whether the acts alleged in the subsequent Title VII suit are fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom." Waiters v. Parsons, 729 F.2d 233, 237 (3d Cir. 1984). Mr. Zarazed also cites additional Third Circuit Court of Appeals case law which maintains "that the jurisdictional requirements for bringing suit under Title VII should be liberally construed." Glus v. G. C. Murphy Co., 562 F.2d 880, 887-888 (3d Cir. 1977). Additionally, Mr. Zarazed points out that "administrative filings, such as the record of the case before the EEOC, may be considered by the court without converting the motion to dismiss into a motion for summary judgment." Tlush v. Mfrs. Res. Ctr., 315 F. Supp. 2d 650, 654 (E.D. Pa. 2002). Therefore, Mr. Zarazed would have the Court consider allegations in the EEOC Charge for the purposes of determining if administrative remedies have been exhausted.

The specific allegation in the EEOC Charge states that "[i]n or about 2001, DONNA HARPER…told me that BELZAR wanted a female in the position of National Vice President of Field." Am. Comp. ¶ 24. While Mr. Zarazed agrees a claim of sexual discrimination must initially be filed in a charge to the EEOC which names the eventual defendants, he claims that the Charge of Discrimination filed with the EEOC does in fact identify Donna Harper (in all

11

uppercase letters), as having engaged in sexually discriminatory conduct, because she stated that Ms. Belzar wanted to replace Mr. Zarazed with a female in the position of Vice-President for Field Operations.  Am. Com. ¶ 27.  Without commenting at this juncture whether merely being the conduit of someone else's intention can amount to aiding and abetting conduct to the extent of being actionable itself, the precise issue here is whether Ms. Harper fairly could anticipate being part of the scenario of Mr. Zarazed's charges.  An allegation naming a particular individual in the body of the Charge has been enough to amount to exhaustion of administrative remedies.  In Kunwar v. Simco, 135 F. Supp. 2d 649, 654 (E.D. Pa. 2001), the body of the charge listed specific allegations of discrimination against particular individuals not named in the caption of the charge and the court held that "[g]iven that each of the above named Defendants were specifically referred to in one or both of Plaintiff's EEOC charges, we find that they were sufficiently put on notice and that Plaintiff has exhausted her administrative remedies with respect to them."  Additionally, the EEOC Charge in this case also states in the last paragraph that "[f]or purposes of the cross-filing this Charge as a Complaint with the Pennsylvania Human Relations Commission, all individuals material herein are intended to be named as Respondents."  Therefore, when taking all reasonable inferences in favor of the Mr. Zarazed, his allegations in the EEOC Charge meet the procedural requirement of first naming the Defendants, including Ms. Harper, to the action in the EEOC Charge.  Thus, he has successfully exhausted his administrative remedies.

    **D.**    **PHRA Preemption**

Finally, Defendants argue that the Title VII negligence claim in Count III is preempted because it is based upon the same discrimination that gives rise to Mr. Zarazed's PHRA claim.

12

Defendants argue that Courts here in the Eastern District of Pennsylvania have found that "unless Plaintiff can allege a set of facts independent of her sexual harassment claim, her negligence claim is preempted" by the PHRA. See, e.g., McGovern v. Jack D's, Inc., No. 03-5547, 2004 U.S. Dist. LEXIS 4326, at *5 (E.D. Pa. Feb. 25, 2004). More specifically, it has been held in this district that "where plaintiff's negligence claim is more precisely a claim for negligent supervision because the claim essentially alleges failure to train, supervise and investigate, the claim is preempted by the PHRA." Warmkessel v. E. Penn Mfg. Co., No. 03-2941, 2005 U.S. Dist. LEXIS 15048, at *23 (E.D. Pa. July 28, 2005).

Mr. Zarazed distinguishes his negligence claim from the claim in McGovern by pointing out that McGovern was a case where *common law* negligence claims were preempted by the Pennsylvania statute rather than claims under a federal statute based on a negligence theory. Additionally, the negligence claim in Warmkessel was also brought pursuant to Pennsylvania state law. Warmkessel at * 2. See also Vega Pacheco v. Kazi Foods of N.J., Inc., No. 03-2189, 2004 U.S. Dist. LEXIS 11280, at *17, n.9 (E.D. Pa. April 7, 2004). Here, however, the claim at issue in Count III of the Amended Complaint is labeled "Negligence Under Title VII." Am. Comp. ¶ 50. Mr. Zarazed asserts that the Supreme Court in Burlington Indus. v. Ellerth, 524 U.S. 742, 758-759 (1998), held that Title VII claims could be brought under a negligence theory. The Court in Ellerth stated:

> [A]lthough a supervisor's sexual harassment is outside the scope of employment because the conduct was for personal motives, an employer can be liable, nonetheless, where its own negligence is a cause of the harassment. An employer is negligent with respect to sexual harassment if it knew or should have known about the conduct and failed to stop it.

Id.

13

As Mr. Zarazed has contended, other courts in this district have recognized Title VII claims under a negligence theory. See, e.g., Sofia v. McWilliams, No.01-5394, 2003 U.S. Dist. LEXIS 5622, at *23-25 (E.D. Pa. March 31, 2003) ("an employer can be liable . . . where its own negligence is a cause of the harassment" (quoting Ellerth, 524 U.S. at 759)).

In Lentz v. Gnadden Huetten Mem'l Hosp., No. 04-3147, 2004 U.S. Dist. LEXIS 22744 (E.D. Pa. Nov. 8, 2004), a case not cited by Mr. Zarazed, the court held "while there are other bases for respondeat superior liability under Title VII, an employer may be found liable for its negligence in failing to train, discipline, fire or take remedial action upon notice of harassment." Id., at *6-7 (citing Burlington Indus. v. Ellerth, 524 U.S. 742, 758 (1998)). In Lentz, much like this case, the complaint alleged that defendant was negligent in "failing to implement an effective policy against sexual harassment, to investigate properly plaintiff's complaints, to take any action to remedy those complaints, to discipline its employees engaging in sexual harassment, and to take steps to prevent illegal retaliation." Id., at *4. But unlike this case, in Lentz, the PHRA claims were dismissed as untimely. Id., at *3. Nonetheless, Mr. Zarazed's claim is still distinct from the claim in McGovern, because this case does not involve a common law cause of action which would be pre-empted by the PHRA. Instead, this case involves pleading a violation of Title VII under a negligence theory.

Therefore, when the pleadings are viewed in a light most favorable to the plaintiff, Count III can reasonably be interpreted to state a viable Title VII claim rather than the common law negligence claim that could be pre-empted by the PHRA.[6] Thus, the claim under Title VII based

---

[6] Mr. Zarazed also argues in his response that the negligence claim was made within the scope of Title VII and when "interpreting the PHRA, Pennsylvania courts may look to federal court decisions interpreting Title VII . . ." Hoy v. Angelone, 691 A.2d 476, 480 (Pa Super. Ct. 1997). He continues: "In the spirit of treating the PHRA *in pari materia* with Title VII, the

on a negligence theory in Count III will not be dismissed.

## III. CONCLUSION

For the reasons discussed above, the Court denies Defendants' Partial Motion to Dismiss. An appropriate Order consistent with this Memorandum follows.

BY THE COURT:

/S/_____

GENE E. K. PRATTER
United States District Judge

---

Count for negligent violation of the PHRA should be permitted to go forward." Plf.'s Resp., Memo. of Law at 7-8. However, the Partial Motion to Dismiss only refers to dismissing Count III ("Negligence Under Title VII"), and the Amended Complaint does not appear to claim negligence in Counts IV, V, or VI which are brought under the PHRA. Therefore, the Court will not address this contention by Plaintiff's counsel.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD ZARAZED, SR., | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| Spar MANAGEMENT SERVICES, | : | |
| INC., KORI BELZER, DONNA | | |
| HARPER AND WILLIAM WALSH, | : | |
| Defendants | : | No. 05-2621 |

**<u>ORDER</u>**

AND NOW, this 26th day of January, 2006, upon consideration of Defendants Partial Motion to Dismiss (Docket No. 9), and the response thereto (Docket No. 11), it is hereby ORDERED that the Motion is DENIED. Defendants shall file and serve their answers to Plaintiff's Amended Complaint within twenty (20) days of the date of this Order.

BY THE COURT:

/S/_____

GENE E. K. PRATTER
United States District Judge